UNITED STATES

v.

Carl R. OSBURN, 236 98 3878, Hull Maintenance Technician Fireman (E–3), U.S. Naval Reserve.

NMCM 86 4081.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 2 May 1986.

Decided 6 Feb. 1987.

LCDR J.J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LTJG ANTHONY D. DOKURNO, JAGC, USNR, Appellate Defense Counsel.

LT HOWARD B. GOODMAN, JAGC, USNR, Appellate Government Counsel.

Before GORMLEY, C.J., and RILEY and GRANT, JJ.

PER CURIAM:

Pursuant to his pleas, the appellant was found guilty of three specifications of unauthorized absence, from 0700 to 1625 on 9 January 1986 (Specification 1, Charge I), from 0700 to 1912 on 6 February 1986 (Specification 2, Charge I), and from 3 March 1986 until 30 March 1986 (Additional Charge II); one specification of failure to go to his appointed place of duty on 3 February 1986 (Additional Charge I); two specifications of wrongful use of marijuana between 7 December 1985 and 7 January 1986 (Charge II) and between 27 January 1986 and 27 February 1986 (Specification 1, Additional Charge II); and one specification of wrongful use of cocaine between 27 January 1986 and 27 February 1986 (Specification 2, Additional Charge II). The appellant was sentenced to 75 days confinement, forfeiture of $425.00 pay per month for 3 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence but suspended confinement adjudged in excess of 45 days in accordance with the pretrial agreement. On appeal, the appellant for the first time claims the Government lacked subject matter jurisdiction over Charge II on grounds that the appellant used the marijuana during a period of extended, authorized leave in the civilian community far from a military base.

The providency inquiry reveals that the appellant used marijuana on or about 1 January 1986, during a period of authorized, extended leave from 17 December 1985 until 7 January 1986. At the time he consumed the marijuana, he was attached to the Shore Intermediate Maintenance Activity, Mayport, Florida. He acknowledged knowing what he consumed to be marijuana by reference to previous experience. The appellant's abuse of drugs, however, was not limited to this single incident. He also acknowledged during the providency inquiry that during the period of 27 January to 27 February 1986, he used marijuana and cocaine, in Jacksonville, Florida, a nearby civilian community, during overnight liberty, and that he knew of the nature of the drugs he used again because of past experience.

In deciding the issue against the appellant, we are aware of footnote 28 in *United States v. Trottier*, 9 M.J. 337, 350 (C.M.A. 1980), which states that

it would not appear that use of marihuana by a serviceperson on a lengthy period of leave away from the military community would have such an effect on the military as to warrant the invocation of a claim of special military interest and significance adequate to support court-martial jurisdiction,

as well as the exception to footnote 28 that

when a servicemember uses a psychoactive drug in private while he is on extended leave far away from any military installation, that use is service-connected, if he later enters a military installation while subject to any physiological or psychological effects of the drug.

*Murray v. Haldeman*, 16 M.J. 74, 80 (C.M.A.1983). In taking this position, however, we decline to resolve the matter, as the Government would urge us to do, on the basis of inferring that the appellant suffered from the physiological or psychological effects of marijuana used on 1 January 1986 when he reported in from leave on 7 January 1986, where the Government con-cedes there is no evidence of the psychoactive drug in his body when he returned from leave. Without deciding that issue, we will address the broader issue of whether, under the circumstances, there is service connection within the meaning of *O'Callahan v. Parker*, 395 U.S. 258, 266, 89 S.Ct. 1683, 1687, 23 L.Ed.2d 291, 298 (1969), by applying the *Relford* factors[1] and reasonably construing factual matters neither contested nor fully developed in the record of trial against the appellant. *United States v. Lockwood*, 15 M.J. 1 (C.M.A. 1983).

In this regard, the appellant was not charged with a single, isolated instance of marijuana use in Charge II that could legitimately be characterized as experimental in nature. In addition to using marijuana on 1 January 1986 while on extended leave (Charge II), he also pleaded guilty to and was found guilty of using marijuana and cocaine in the nearby, off-base community of Jacksonville, Florida, during a period of overnight liberty following the termination of his extended leave on 7 January 1986 (Specifications 1 and 2 of Additional Charge II). As such, in the absence of any objection at trial by the appellant to the trial court's jurisdiction, we will infer an ongoing and closely interrelated course of drug use extending from his leave period to the use of drugs in the course of overnight liberty in a nearby civilian community where the real and adverse effects of drug use upon military discipline and effectiveness also can be legitimately inferred. Under the circumstances, we distinguish footnote 28 of *Trottier* and conclude that the military interest in deterring the offense in Charge II is distinct from and greater than that of the civilian community and that the military interest requires vindication in the military courts,[2] especially where the appellant chose not to contest the matter of subject matter jurisdiction at the trial court, pleaded guilty, and received the full benefit of a pretrial agreement. Finally,

1. *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971).

2. *See Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975).

the appellant's willingness to have all charges tried at a single forum is consistent with the holding in *Lockwood, supra* at 8, that separate trials in the military and civilian courts for similar offenses may carry "adverse collateral consequences" which make successful rehabilitation "more difficult until it becomes certain what the accused's punishment ultimately will be." *Id.* In such case, the Court of Military Appeals identified a distinct military interest in having all the offenses tried by a court-martial that can dispose of all the offenses together without delay, and concluded that the "existence of this interest, in turn, helps provide a basis for finding service connection for the off-base offenses." *Id.*

Accordingly, we affirm the findings of guilty and sentence as approved on review below. In taking such action, we considered the appellant's desire to remain in the Naval Service.